UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2635(DSD/AJB)

Dennis D. Linehan,

Petitioner,

v. **ORDER**

Frank Milczark,

Respondent.

This matter is before the court on petitioner's objections to Magistrate Judge Arthur J. Boylan's report and recommendation, dated August 8, 2001. In his report, the magistrate judge recommended that petitioner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied. After a de novo review of the record, the court concludes that the magistrate judge's report fully discussed the reasons why petitioner's request for habeas corpus relief should be denied.

First, the court concurs with the magistrate judge's conclusion that the Sexually Dangerous Persons Act ("SDP Act"), Minn. Stat. §§ 253B.02, subd. 18c & 253B185 (2000), does not violate substantive due process. In particular, the court notes that the magistrate judge properly interpreted Kansas v. Hendricks, 521 U.S. 346 (1997). As the magistrate judge correctly stated, even if the court accepts the proposition that Hendricks requires

FILED 9-21-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 9-21-01
Deputy Clerk's Initials ______

that civil commitment statutes contain a volitional impairment element, the SDP Act clearly contains such an element. Moreover, the level of the Act's volitional element, the "lack of adequate control" standard, satisfies the substantive due process standard set forth in Hendricks.

Second, the court agrees with the magistrate judge's finding that petitioner did not exhaust state court remedies regarding his claim that he was not put on notice of the "lack of adequate control" commitment standard. Although petitioner set forth a lack-of-notice argument in his reply brief to the Minnesota Supreme Court in Lineman IV, appendix to Respondent's Answer at R.A. 207-9, there was virtually no indication that petitioner was making a federal constitutional claim. Because petitioner never raised this claim in state court, the claim was not exhausted.

Third, the court agrees with the magistrate judge that the SDP Act provides adequate procedural standards. In particular, the court is unpersuaded by petitioner's contention that the SDP Act should require a "proof beyond a reasonable doubt" standard. As the Supreme Court stated in Addington v. Texas, 441 U.S. 418, 433 (1979), "the reasonable-doubt standard is inappropriate in civil commitment proceedings...." Thus, the Act's clear and convincing evidence standard satisfies procedural standards.

Moreover, the court is unpersuaded by petitioner's contention that the Act should provide for trial by jury. See U.S. v. Sahhar,

917 F.2d 1197, 1204-07 (9th Cir. 1990)(concluding that the Sixth Amendment right to a jury does not apply in civil commitment proceedings because such proceedings have regulatory rather than punitive purposes).

The court also rejects petitioner's argument that confinement under the SDP Act is unconstitutional because the Act provides for an indeterminate length of detention. The Act clearly provides detainees with several forms of relief. See, e.g., Minn. Stat. §§ 253B.02, subd. 3 (2000)(providing that detainees can petition for discharge at any time, as long as six months have elapsed following the commitment or following the final disposition of any prior discharge petition).

Finally, the court rejects petitioner's argument that the Act's disenfranchisement provisions establish that the Act is "criminal" rather than "civil" in nature. Courts ordinarily defer to legislative intent when determining whether an act is criminal or civil. However, a party challenging a statute may negate the legislature's intention to create a civil statute by providing the clearest proof that the statutory scheme is so punitive either in purpose or effect as to make the statute criminal. Hendricks, 521 U.S. at 360-62. In this case, the Minnesota legislature classified the Act as "civil" in the Act's preamble, 1994 (First Special Session) Minn. Laws Ch. 1, and petitioner has not provided sufficient evidence to negate the legislature's intention.

Accordingly, after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

Therefore, **IT IS HEREBY ORDERED** that petitioner's request for habeas corpus relief is denied.

Dated: September 20, 2001

David S. Doty, Judge
United States District Court

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.